AMBRO, Circuit Judge,
dissenting in part and concurring in part:
I concur with affirming the judgment of the District Court as to Appellants’ second claim for contractual reconciliation. As to Appellants’ first claim, however, I believe that Sher’s contacts with New Jersey established the requisite prima facie showing of minimum contacts sufficient for our exercise of specific personal jurisdiction. Accordingly, I dissent in part.
As the majority explains, a three-part test governs our determination of specific personal jurisdiction. See O’Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 321 (3d Cir.2007). Because the District Court did not hold an evidentiary hearing, we must take Appellants’ allegations as true, and draw all factual disputes in their favor. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir.2004). Like the District Court, the majority concludes that the second prong — that the claim must have arisen out of, or related to, at least one of the defendant’s activities directed at the forum state — controls. Although we have not adopted a bright-line test to determine what facts satisfy this test, my opinion is guided by two cases where we held that this prong was met.
In Carteret Savings Bank, FA v. Shushan, 954 F.2d 141, 145-46 (1992), a New Jersey bank brought suit for breach of fiduciary duty and misrepresentation against the Louisiana-based attorneys who represented it in a lending agreement. As the majority discusses, we determined that we had jurisdiction over Carteret’s claim for misrepresentation because the alleged fraud occurred “during the time when [the defendant] was physically present in ... New Jersey.” Id. More pertinent to this case, however, we also held that we had jurisdiction over Carteret’s claim for breach of fiduciary duty. That claim— that defendants failed to disclose a conflict — did not allege that the breach occurred solely in New Jersey. Instead, it “referred] to the whole of the defendants’ representation with respect to the ... project.” Id. at 149. We held that we had specific jurisdiction over the defendants based on the “operative fact[s]” that defendants “traveled] to New Jersey to consult with [their] client” in furtherance of closing the deal, and engaged in calls and correspondence with the client in New Jer *208 sey throughout the representation. Id. at 150.
Appellants allege that Sher’s breach of fiduciary duty — among others, his failure to disclose his relationship with the Cheval owners and Cheval’s relationship with lender Volkomen — occurred throughout the Cheval deal, but in particular during a February 2006 meeting in New Jersey where the deal was discussed. I believe that, under Carteret, this visit to the state, and Sher’s on-going failure to disclose, in the context of multiple phone calls and correspondence to New Jersey, are sufficient to find specific jurisdiction over this claim.
I also believe our more recent holding in O’Connor supports a finding of jurisdiction. There the defendant communicated with the plaintiffs in Pennsylvania through mailings and phone calls advertising spa services at an out-of-state resort. As a result, the plaintiffs entered into a contract for those services and were injured at the resort. 496 F.3d at 315-16. We held that specific jurisdiction existed because the defendant’s contact with Pennsylvania was the but-for cause of the plaintiffs’ injury, and the contractual and social duty allegedly breached by the defendant arose from that contact. Id. at 324 (“It is enough that a meaningful link exists between a legal obligation that arose in the forum and the substance of the plaintiffs’ claims.”). Like the plaintiffs in O’Connor, Appellants allege that they would not have entered into the contract that ultimately led to their injury but for Sher’s October 2005 solicitation informing them of the Cheval acquisition opportunity, and that the duties breached (including Sher’s failure to disclose information about his relationship with Cheval and Cheval’s relationship with its lender) arose from that relationship.
For these reasons, as to Appellants first claim I would reverse and remand to the District Court for further proceedings.